Naxon Telesign Corp., an Illinois Corporation, Plaintiff-Appellant, v. Guenther Selig, Bernard Mariano and Scan-O-Matic Corporation, an Illinois Corporation, Defendants-Appellees.

Gen. No. 48,838.

First District, Second Division.

December 4, 1962.

Philip R. Toomin and Maxwell Singer, of Chicago, for appellant.

Gottlieb and Schwartz, of Chicago (Claude A. Roth, and Charles D. Stein, of counsel), for appellees.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from an order denying plaintiff's motion for a temporary injunction.

This suit was instituted on April 28, 1961. The gravamen of the complaint was that the individual defendants, Selig and Mariano, who at one time were employees of the plaintiff corporation, had obtained certain trade secrets, confidential information and data in the course of their previous employment which they were presently divulging to the defendant corporation which they had formed after leaving plaintiff's employ. The relief prayed for was primarily that the individual defendants be enjoined from divulging these trade secrets and this confidential information and that the defendant corporation be enjoined from utilizing this confidential matter in the pursuit of its corporate business. There was also a prayer for punitive and exemplary damages.

The motion for a temporary injunction was not made until April 23, 1962, nearly a year after the suit had been instituted and at which time the cause was at

issue and ready for a general reference to a master and a motion for such a reference had been made by the defendants. 643 pages of discovery depositions had already been taken and the parties had appeared before the Chancellor on five occasions.

■■ A temporary injunction is an extraordinary remedy which should be granted only pursuant to the utmost care. Ruff v. Ericsson, 183 Ill App 304. It is not granted as a matter of right, but rests in the sound discretion of the Chancellor. Hurt v. Hejhal, 259 Ill App 221; Mayer v. Collins, 263 Ill App 219. Such a remedy must be carefully granted and unless the need is reasonably clear, the writ should not be issued. Huerbinger Drug Co. of Glenview v. Topp's, 28 Ill App2d 336, 170 NE2d 653.

■■ We do not believe that the Chancellor abused his discretion in the case at bar. In view of the fact that nearly a year has elapsed between the filing of the complaint and the motion for a temporary injunction without a sufficient showing of some excuse for the delay, the plaintiff will not now be heard to say that there is any emergency or that it is in grave and immediate peril. In a case of this nature, mere passage of time alone is sufficient to preclude a temporary injunction.

■■ Furthermore, there is no merit in the plaintiff's contention that the Chancellor's refusal to receive evidence in support of his motion for a temporary injunction constituted a denial of due process of law. The kind and extent of a hearing a party is entitled to on a motion for an interlocutory injunction is a matter committed largely to the discretion of the Chancellor. 21 ILP Injunctions § 129; Hinson v. Ralston, 100 Ill App 214. The Chancellor examined the petition for a temporary injunction and the affidavits in support thereof and considered the reply of the defendants thereto. We do not think that there is any basis

244

for a finding that the Chancellor abused his discretion by refusing to hear further evidence.

The order is affirmed.

Order affirmed.

BURKE and FRIEND, JJ., concur.