ANDRE BOHOMOLEC, Plaintiff-Appellee, *v.* IRENEUSZ GIEBLEWICZ, Defendant-Appellant.

(No. 55104;

First District—November 30, 1971.

Russell J. Topper, of Chicago, for appellant.

B. John Mix, Jr., of Chicago, for appellee.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

This is an interlocutory appeal by defendant, Ireneusz Gieblewicz, pursuant to Supreme Court Rule 307(a)(1), from a temporary injunction issued upon application of plaintiff, Andre Bohomolec, prohibiting defendant from tampering with, destroying, refitting, sailing or relocating a sailing vessel, the Dal.

On appeal defendant contends that the temporary injunction was improvidently granted because:

(1) The plaintiff failed to establish the probability of his ultimate success on the issue of his right to the Dal;

(2) No sufficient emergency was present to allow issuance of a valid temporary injuction;

(3) Plaintiff failed to demonstrate wrongful conduct by defendant;

(4) Plaintiff failed to demonstrate the irreparability of his injury;

(5) There was an adequate remedy at law available to plaintiff; and

(6) Facts stated on information and belief are insufficient to allow injunctive relief.

A brief statement of the facts follows:

In 1934, Andre Bohomolec, and a small crew sailed the 28½-foot yacht, the Dal, from Gdynia, Poland, across the Baltic Sea and the Atlantic Ocean to the United States for the Century of Progress Exposition in Chicago. Shortly after the Dal's arrival, a specially organized committee of Chicago citizens of Polish extraction informed Bohomolec that they desired his boat as a monument. Bohomolec was paid $1,600 for the vessel. The Dal was placed in Chicago's Jackson Park for a time and on May 24, 1942, the committee of Chicago citizens who had purchased the vessel formally presented it to the Museum of Science and Industry. The Dal was on display at the Museum until May 14, 1968.

The exhibition of the Dal for 26 uninterrupted years was contrary to museum policy requiring exhibits to be changed every ten years and so the museum finally determined to remove the vessel. After several unsuccessful attempts to place the vessel with various Polish historical organizations, the Museum of Science and Industry contacted Mr. George Walter, curator of the Polish Museum of America, and formulated a plan under which Walter and defendant, Ireneusz Gieblewicz

would refit the Dal and then sail it back to Poland where it would be presented to the Marine Museum at Gdansk on behalf of the Museum of Science and Industry. When plaintiff learned of this plan he sought a declaratory adjudication of his title to the Dal and an interlocutory injunction preventing defendant from making any preparation in furtherance of the scheme to sail the vessel back to Poland.

The trial court found that plaintiff held no interest in the Dal, but granted plaintiff's preliminary injunction and it is from that order that defendant appeals.

■■ A temporary injunction is an extraordinary remedy, grantable not as a matter of right, but only upon the exercise of sound judicial discretion after a showing of extreme urgency and great necessity. (*Hoffman v. City of Evanston,* 101 Ill.App.2d 440; *Naxon Telesign Corp. v. Selig,* 38 Ill.App.2d 242.) The chancellor's discretion in granting a temporary injunction is, however, subject to review. (*Cassidy v. Triebel,* 337 Ill.App.117.) It is the very purpose of our Supreme Court Rule 307, under which the instant appeal is brought, to permit as a matter of right the interlocutory review of a chancellor's exercise of his discretion to prevent its abuse.

■■ It has been repeatedly held that equity should not assume jurisdiction to issue a temporary injunction where the right of the claimant is doubtful. *People ex rel. Hawkonsen v. Conlisk,* 119 Ill.App.2d 431, 439; *Chicago Motor Coach Co. v. Budd,* 346 Ill.App. 385, 390.

■■ In the case at bar, the trial court listened to evidence at a preliminary hearing on the temporary injunction and concluded that the plaintiff had no legal rights whatsoever in the Dal, nor standing to challenge another's rights in the vessel. Yet the trial court granted a temporary injunction restraining the defendant. We find such action by the court improper and hold that the issuance of the preliminary injunction under these circumstances constituted an abuse of the trial court's discretion and requires that this order be reversed and the preliminary injunction dissolved.

We therefore find it unnecessary to go into defendant's other contentions on appeal.

Reversed and remanded with directions.

BURMAN and DIERINGER, JJ., concur.