LAKE SHORE RACQUET CLUB, INC., *et al.*, Plaintiffs-Appellants, *v.* FIREMAN'S FUND INSURANCE COMPANIES *et al.*, Defendants.—(LASH, WARNER ASSOCIATES, Defendant-Appellee.)

First District (1st Division)    No. 80-2071

Opinion filed December 22, 1980.

Bruce S. Sperling and Morton Denlow, both of Sperling, Slater & Spitz, and Sachnoff, Schrager, Jones, Weaver & Rubenstein, Ltd., both of Chicago, for appellants.

Marvin Glassman, of Rabens, Formusa & Glassman, Ltd., of Chicago, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County denying Lake Shore Racquet Club, Inc., and Michigan Avenue National Bank's motion to distribute monies placed into two funds pursuant to court orders of September 21, 1979, and January 24, 1980. At issue here is whether the trial court erroneously refused to distribute funds previously ordered to be deposited with the court.

For the reasons hereinafter set forth, this appeal is dismissed.

The record discloses the following facts concerning the matters at issue in the present appeal. Lake Shore Racquet Club, Inc., leases and

operates the Lake Shore Racquet Club, which suffered extensive damage when its roof collapsed incident to the heavy snow accumulation of the blizzard of January 1979. Legal title to the club is in Michigan Avenue National Bank as trustee under a land trust (hereinafter both parties will be collectively referred to as Lake Shore). After the collapse, Lake Shore filed a series of claims with Fireman's Fund Insurance Companies and National Surety Corporation (hereinafter collectively referred to as Fireman's). Lake Shore sought payment under the terms of the policy for the collapse damage as well as damage incurred as a result of vandalism, theft, and fire. On September 12, 1979, the insurance company tendered a check in the amount of $2,010,323, which represented a settlement of $2,335,323 minus prior advances. The check was made payable to Lake Shore and Lash, Warner and Associates (hereinafter Lash). Lash is a public insurance adjuster which Lake Shore engaged in the adjustment of its claim with Fireman's. The check was made payable to both parties because Lash asserted a lien in the insurance proceeds for the amount it claims due on its contract with Lake Shore. The contingency agreement between Lake Shore and Lash whereby Lash was to receive 6 percent of the insurance proceeds has not been made a part of the record, although we note that it has attached as part of the appendix to the appellant's brief. After Lake Shore's demand for a check made payable solely to it was rejected by Fireman's, Lake Shore initiated an injunction action.

The injunction complaint sought injunctive relief in the nature of an order directing Fireman's to pay the insurance proceeds solely to Lake Shore, alleged a breach of contract against Fireman's, and alleged tortious interference with the Lake Shore-Fireman's insurance contract by Lash. Pursuant to Lake Shore's motion for a temporary restraining order and after a hearing on that motion, the court entered an order on September 21, 1979, directing Fireman's to pay $1,870,203.62 of the insurance proceeds to Lake Shore, $85,000 of the insurance proceeds to Lash, and the remainder of the proceeds, $55,117.33 to the clerk of the court to be deposited into Mid-America National Bank subject to further order of court.

A settlement for a second set of claims pertaining to the vandalism, theft, and fire damage was reached by the parties in the amount of $105,333.16. Incident to this settlement and because Lash was again asserting a lien in the insurance proceeds, Fireman's filed an interpleader action in the circuit court of Cook County naming Lash and Lake Shore as defendants. Pursuant to this action, Fireman's moved for leave to deposit the insurance proceeds with the court. On January 24, 1980, an agreed order was entered whereby the court ordered Fireman's to pay 94 percent of the proceeds or $99,031.97 to Lake Shore. The balance, representing the 6 percent lien, alleged by Lash, was to be paid to the clerk of the court

and deposited into Amalgamated Trust and Savings Bank. The order also recited that:

> "The issue as to whether defendant Lash, Warner Associates has any interest in the funds deposited in the account identified above, pursuant to this Order, so as to require said funds to be segregated until resolution of the alleged contract dispute between Lash, Warner Associates and Lake Shore, shall be presented to and heard by this Court in due course, upon Notice."

In accordance with the January 24, 1980, order, Lake Shore apparently filed a motion to distribute the deposited funds. A copy of the motion, while not contained in the record on appeal, is attached as part of Lake Shore's appendix. Prior to the hearing on this motion, the injunctive action and the interpleader action were consolidated. After a change of venue motion was denied and after Fireman's was dismissed from the interpleader action and from the injunction action, the hearing on the motion to distribute the deposited funds was held. At the hearing, Lake Shore also moved instanter for the distribution of the funds deposited with the court per the September 21, 1979, order. Both motions were denied in the trial court's June 19, 1980, order giving the parties leave to file within 45 days their claims to the aforesaid funds and appropriate pleadings. It is from the denial of the distribution motion that Lake Shore brings the present interlocutory appeal.

■■ Prior to oral argument of this appeal, Lash filed a motion to dismiss this appeal for lack of this court's jurisdiction. This motion was taken with the appeal. Because we now find that the order appealed from is not an appealable interlocutory order of right under Supreme Court Rule 307(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 307(a)), we grant Lash's motion and dismiss this appeal. Rule 307(a) provides for interlocutory appeals as of right from the following types of interlocutory orders:

> "(1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction;
>
> (2) appointing or refusing to appoint a receiver or sequestrator;
>
> (3) giving or refusing to give other or further powers or property to a receiver or sequestrator already appointed;
>
> (4) placing or refusing to place a mortgagee in possession of mortgaged premises;
>
> (5) appointing or refusing to appoint a receiver, liquidator, rehabilitator, or other similar officer for a bank, savings and loan association, currency exchange, insurance company, or other financial institution, or granting or refusing to grant custody of the institution or requiring turnover of any of its assets;
>
> (6) terminating parental rights or granting, denying or revoking temporary commitment in adoption cases;

(7) determining issues raised under section 2.2(b) of the Eminent Domain Act (Ill. Rev. Stat., ch. 47, §2.2(b)), but the procedure for appeal and stay shall be as provided in that statute."

The purpose of this rule is to permit the interlocutory review of a court's equitable discretion to prevent its abuse (*American Re-Insurance Co. v. MGIC Investment Corp.* (1979), 73 Ill. App. 3d 316, 391 N.E.2d 532; *Bohomolec v. Gieblewicz* (1971), 3 Ill. App. 3d 16, 278 N.E.2d 202) and to determine whether the interlocutory order was necessary to maintain the status quo and preserve the equitable rights of the parties. (*People ex rel. Bolton v. Progressive General Insurance Co.* (1967), 84 Ill. App. 2d 109, 228 N.E.2d 146.) Whether an action by a trial court falls within the 307 criteria is determined by looking at the substance rather than the form of the order: *Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 303 N.E.2d 1; *American Re-Insurance Co. v. MGIC Investment Corp.*; *Bullard v. Bullard* (1978), 66 Ill. App. 3d 132, 383 N.E.2d 684.

We have reviewed the record on appeal in order to discern the substance of the orders entered in this cause. From our examination of the orders, we conclude that the orders of September 21, 1979, and January 24, 1980, did not amount to the granting of injunctive relief. Nor are we persuaded that the motion to distribute the funds was a motion to dissolve an injunction or that the June 19, 1980, order of the trial court was an order refusing to dissolve an injunction. Specifically, we note that none of the aforementioned orders recite that an injunction is being entered or dissolved.

■■ It is Lake Shore's position that the order denying its motion to distribute is an appealable interlocutory order as of right under the authority of *American Re-Insurance Co.* In that case the court looked to the substance rather than the form of the order at issue in determining its appealability as suggested by the supreme court in *Bohn Aluminum & Brass Co.* Under the facts of that case the court found an order denying a motion to vacate certain deposit orders was of the nature of order contemplated by Rule 307(a). We believe that *American Re-Insurance Co.* is distinguishable from the instant case because here the party ordered to deposit monies with the court had been dismissed prior to the filing of the motion to distribute. Accordingly, it cannot be said that the court's order was an injunction as it appears that no one was presently enjoined. In essence the court's order resembled an interpleader case where the party with possession of a fund is dismissed after the filing of the interpleader. Here, after Fireman's paid the insurance settlement monies to Lake Shore, Lash, and into the court as directed by the trial court's orders, Fireman's was dismissed and, therefore, its liability to Lake Shore under their insurance policy was terminated. In *American Re-Insurance Co.*, on the other hand, the party who was ordered to make the deposits was still a

party to the action and, therefore, could be held in contempt for the failure to abide by the deposit orders. Accordingly, the order in *American Re-Insurance Co.* was injunctive in nature, while the order in the instant case was not.

For the aforesaid reasons this appeal is dismissed.

Appeal dismissed.

GOLDBERG, P. J., and McGLOON, J., concur.