JFS, Plaintiff-Appellee, *v.* ABMJ, Defendant-Appellant.

First District (1st Division) No. 82—2880

Opinion filed December 12, 1983.

Sidney Abelski & Associates, Ltd., of Chicago, for appellant.

Leonard M. Ring and Associates, of Chicago (Leonard M. Ring and Judith E. Fors, of counsel), for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

The present appeal arises out of plaintiff's declaratory judgment action seeking a declaration of nonliability to defendant for the alienation of affections of defendant's spouse. Defendant appeals from an interlocutory order of the trial court impounding certain court records and prohibiting either party from making public any "pleading filed in this cause nor any discovery papers or transcripts until further order of the court." We dismiss the appeal for lack of jurisdiction.

Illinois law clearly holds that there can be no appeal from a nonfinal order unless specifically authorized by the Supreme Court Rules. (Ill. Const. 1970, art. VI, sec. 6; *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171, 429 N.E.2d 483; *In re Gomez* (1981), 100 Ill. App. 3d 299, 301, 426 N.E.2d 1084.) As a basis for appellate jurisdiction, defendant relies on Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)), which provides in relevant part that an appeal may be taken from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Defendant contends that the protective order entered below is essentially an injunctive restraint admitting of review under Rule 307. We disagree.

The purpose of Rule 307(a)(1) is to permit, as a matter of right, interlocutory review of the exercise of a court's equitable power to grant the type of coercive injunctive relief formerly available exclusively in courts of equity jurisdiction. (*Lake Shore Racquet Club, Inc. v. Fireman's Fund Insurance Cos.* (1980), 91 Ill. App. 3d 1118, 415 N.E.2d 625; *Bohomolec v. Gieblewicz* (1971), 3 Ill. App. 3d 16, 278 N.E.2d 202.) A threshold matter for appeals perfected pursuant to Rule 307(a)(1) is to determine whether the order appealed from may be properly characterized as injunctive and, thus, whether appellate jurisdiction exists. An injunction has been defined as

> "a judicial process, by which a party is required to do a particular thing, or to refrain from doing a particular thing, according to the exigency of the writ, the most common sort of which operate as a restraint upon the party in the exercise of his real or supposed rights." (*Wangelin v. Goe* (1869), 50 Ill. 459, 463.)

It is also frequently stated that whether an order is properly characterized as injunctive and therefore within the provisions of Rule 307(a)(1) must be determined by its substance rather than its form. See, *e.g., Smith v. Goldstick* (1982), 110 Ill. App. 3d 431, 442 N.E.2d 551; *Lake Shore Racquet Club, Inc. v. Fireman's Fund Insurance Cos.* (1980), 91 Ill. App. 3d 1118, 415 N.E.2d 625.

However, any attempt to define injunctive relief would be incomplete if it did not also take into account the historical traditions peculiar to equity jurisprudence out of which such relief originally arose. (See *Baltimore Contractors v. Bodinger* (1955), 348 U.S. 176, 99 L. Ed. 233, 75 S. Ct. 249.) Thus, such orders as subpoenas or an order denying a motion to quash a subpoena are not normally characterized as injunctive permitting of interlocutory review even though "a party is required to do a particular thing" and failure to comply may result in a contempt citation.[1] (See *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 429 N.E.2d 483 (order denying a motion to quash a subpoena was held to be not appealable since it was nonfinal).) This noninjunctive characterization results from the fact that historically the power to subpoena witnesses was not the exclusive province of courts of chancery but rather derived from the inherent power any court has to compel witnesses to appear before it and give testimony. *Bonner v. People* (1891), 40 Ill. App. 628.

---

[1] Of course, an appeal may be taken from a contempt citation for failure to obey a subpoena on the rationale that the citation is a final order in a collateral proceeding—but not beforehand under the interlocutory appeal provisions. See *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 429 N.E.2d 483.

We believe a similar situation obtains in the case of orders impounding court records. Here, too, the authority to impound did not derive from a court's power to grant equitable relief but rather from the inherent power any court has to control its own records. (See *Rex v. Mayor of Maidstone* (1825), 6 Dowl. & R. (Eng.) 334, cited at Annot., 175 A.L.R. 1260, 1267 (1948), wherein a court-leet, a species of criminal court lacking equity jurisdiction, is seen to exercise extensive control over access to its records.) This inherent power of control has been specifically recognized in Illinois and has been held, in the proper case, to be superior to a statutorily created public right of access to court records. (*Deere & Co. v. Finley* (1981), 103 Ill. App. 3d 774, 431 N.E.2d 1201.) We therefore conclude that a provisional order impounding court records does not represent an exercise of a court's equitable discretion to grant injunctive relief as contemplated by Rule 307(a)(1). Rather, the granting of the subject protective order is properly characterized as a ministerial act deriving from the inherent authority of the court to control the proceedings and its own records.

It is the responsibility of this court to see that no unauthorized extension or reduction of appellate jurisdiction occurs whether by direct or indirect means. Any such *ad hoc* decision as urged by defendant disorganizes practice by encouraging attempts to secure or oppose appeals with a corresponding waste of time and money. The scope of appellate jurisdiction is defined by rules promulgated by the supreme court and any enlargement on the allowable list of appealable interlocutory orders must be initiated by a change of those rules. Accordingly, we dismiss the present appeal for lack of jurisdiction.

Appeal dismissed.

GOLDBERG and CAMPBELL, JJ., concur.