BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 122, COOK COUNTY, Plaintiff-Appellant, v. ILLINOIS STATE BOARD OF EDUCATION et al., Defendants-Appellees.

First District (5th Division)   No. 1—90—3025

Opinion filed February 1, 1991.

Scariano, Kula, Ellch & Himes, Chartered, of Chicago Heights (Raymond A. Hauser and Douglas D. Danielson, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Tanya Solov, Assistant Attorney General, of Chicago, of counsel), for appellees Illinois State Board of Education and Sheila Reilly.

Melissa J. Auerbach, of Cornfield & Feldman, of Chicago, for appellee Catherine Pappas.

JUSTICE MURRAY delivered the opinion of the court:

The Board of Education of School District No. 122, Cook County, Illinois (School District), appeals from the dismissal of count II of its complaint for declaratory relief in a State Board of Education school teacher dismissal case.

The facts in the case are as follows.

Defendant Catherine Pappas (Pappas) was dismissed from her employment as a tenured teacher by the plaintiff, School District, by resolutions adopted on July 20, 1989, and May 8, 1990. Pursuant to the Illinois School Code, section 24—12, Pappas requested hearings before hearing officers of the Illinois State Board of Education (State Board) regarding her dismissal by the School District. (Ill. Rev. Stat. 1987, ch. 122, par. 24—12.) The School District and Pappas selected defendant attorney Sheila Reilly from a list of potential hearing officers supplied by the State Board to serve as the hearing officer in the dismissal hearing.

A hearing was scheduled for May 9 and 10, 1990. The hearing was never convened. The School District and Pappas entered extensive settlement negotiations. The School District alleges the parties reached a settlement agreement on May 10, 1990. Hearing officer Reilly requested information concerning the terms of settlement discussions and the ultimate settlement agreement. Pappas denies the existence of any settlement.

On June 13, 1990, hearing officer Reilly denied a request by the School District to stay the teacher dismissal hearing. The School District also requested the defendant State Board to stay the hearing. The State Board has made no ruling on the request.

On June 15, 1990, the School District filed a verified complaint for declaratory judgment in two counts naming the State Board, the hearing officer, Sheila Reilly, and the involved school employee, Pappas, as defendants. In count I the School District sought a declaration that: (1) a settlement agreement was reached between Pappas and the School District; (2) the School District is entitled to recover its reasonable costs, including attorney fees and such further relief as the court deems equitable; and (3) the court enter a temporary restraining order and preliminary injunction enjoining all teacher dismissal hearings between the parties until the trial court held a hearing on plaintiff's complaint.

Count II was an alternative count, praying that in the event the court did not award the relief requested in count I: (1) Reilly, the hearing officer, be found to no longer be a disinterested and impartial hearing officer as required by the State Board's rules and thus disqualified; (2) the School District be entitled to recover its reasonable costs, including attorney fees; and (3) the court enter a temporary restraining order and preliminary injunction enjoining all teacher dismissal hearings until the court holds a hearing on the merits of the plaintiff's complaint.

Various motions to dismiss the two counts of the complaint were filed.

On September 25, 1990, the trial court entered an order indicating: (1) plaintiff's motion to dismiss defendants State Board and Reilly from count I was granted and defendants School District and Reilly's motion to dismiss count I was withdrawn; (2) defendant Pappas' motion to dismiss count I was denied; and (3) all of the defendants' motions to dismiss count II were granted.

On October 12, 1990, the School District filed what it labels an interlocutory appeal from the order dismissing count II of the complaint. On appeal the School District seeks a reversal of the order and remandment for further proceedings.

The trial judge dismissed count II of the School District's complaint based on its conclusion that the plaintiff School District had failed to exhaust its administrative remedies.

On appeal the School District raises a number of points in support of its argument that the trial court's dismissal of count II be reversed and the cause be remanded for further proceedings. Among the points

raised on appeal by the parties is the issue of whether the Administrative Review Act (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*) applies to the qualifications of the hearing officer and, if so, whether the cause falls within the various exceptions to the exhaustion of remedies issue.

On jurisdictional grounds, this court must decline to decide the issues raised in this appeal.

● 1-3 It is the duty of an appellate court first to determine that an appeal properly lies before it before going into the merits of the case. (*Clark v. State Police Merit Board* (1972), 5 Ill. App. 3d 332, 282 N.E.2d 220.) The order of September 25, 1990, is a nonfinal order and not the type of order that is subject to an interlocutory appeal. As a general proposition, the basis for the right of appellate review in Illinois is in the constitution of the State of Illinois and not in the statutes. (*In re Organization of the Fox Valley Community Airport Authority* (1974), 23 Ill. App. 3d 168, 318 N.E.2d 496.) Appeals as a matter of constitutional right are only from final judgments of a circuit judge. (Ill. Const. 1970, art. VI, §6.) Illinois law clearly holds that there can be no appeal from a nonfinal order unless specifically authorized by the supreme court rules. Ill. Const. 1970, art. VI, §6; *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171, 429 N.E.2d 483.

■ An order of a trial court that disposes of less than all claims is not appealable unless it contains a written finding to the effect that "there is no just reason for delaying enforcement or appeal" of the order. (134 Ill. 2d R. 304(a).) There are some such orders that are appealable without that special finding. (134 Ill. 2d R. 304(b).) None are applicable to this case. The order contained in the plaintiff's brief is unintelligible. An examination of the original record reveals no such special findings contained in the September 25, 1990, order appealed from in this case. The report of proceedings fails to reveal a request for the special finding or an indication that it was granted without request.

■ ■ As a basis for appellate jurisdiction, plaintiff relies on Supreme Court Rule 307. (134 Ill. 2d R. 307.) By rule the Illinois Supreme Court has granted appeals from certain interlocutory orders. (134 Ill. 2d R. 307.) Supreme Court Rule 307 provides in relevant part that an appeal may be taken from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." (134 Ill. 2d R. 307(a)(1).) The instant appeal involving the qualifications of a hearing officer under the School Code is not one of those provided for as a matter of right by that rule. The purpose of

Supreme Court Rule 307(a)(1) is to permit, as a matter or right, interlocutory review of the exercise of a court's equitable power to grant the type of coercive injunctive relief formerly available exclusively in the courts of equity jurisdiction. (*JFS v. ABMJ* (1983), 120 Ill. App. 3d 261, 458 N.E.2d 76.) The court in determining what constitutes an appealable order under Rule 307(a)(1) looks to the substance of the action not the form. *In re a Minor* (1989), 127 Ill. 2d 247, 537 N.E.2d 292.

■ This case involves the pleading of alternative counts. The trial court has neither granted nor denied an injunction in this case. Neither the School District's initial brief nor its reply brief mentions the denial or granting of an injunction. The only issue argued is the propriety of hearing officer Reilly's failure to recuse herself or the failure of the trial court to disqualify her. In fact none of the parties have argued anything about any injunctions or temporary restraining orders in this appeal. As a result, we find that pursuant to Supreme Court Rule 307 we do not have jurisdiction to rule on the merits of this appeal.

The wisdom of the supreme court rule precluding appellate review from nonfinal orders is best exemplified by this case. If in fact as plaintiff charges there was a settlement, the issue of the bias or qualifications of the hearing officer is moot. Alternatively, the issue of the qualifications of the hearing officer is one first best addressed by the defendant School Board, which, by statute, is charged with the appointment of a fair and impartial hearing officer. We note, nothing in this record indicates that defendant Reilly fails to meet the impartiality requirements of the School Code. Ill. Rev. Stat. 1989, ch. 122, par. 24—12.

At oral arguments the parties seemed in agreement that the case would be remanded to the trial court for further proceedings as to count I. Further, should at the conclusion of this case in the trial court, the dismissal of count II become an issue on appeal, the briefs filed in this appeal shall stand on that issue with the parties reserving the right to supplement their respective briefs.

Accordingly, we dismiss the appeal for want of jurisdiction and remand the case to the trial court.

Appeal dismissed.

LORENZ, P.J., and McNULTY, J., concur.