STEVEN KMOCH, Plaintiff-Appellee, v. MICHAEL KLEIN *et al.*, Defendants-Appellants.

Second District    No. 2—90—1429

Opinion filed May 28, 1991.

Michael T. Byrne, of Clarendon Hills, for appellants.

H. Kent Heller & Associates, P.C., of Naperville, and Mark Grotefeld, of Chicago (H. Kent Heller, of counsel), for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

The present appeal arises out of plaintiff's tort action against defendants, Michael Klein and Allendale, for sexual assault. Defendant Klein appeals from two interlocutory orders of the trial court denying defendant Klein's motions to quash the deposition subpoenas of Dr. Ronald B. Baron, a psychiatrist, and Mr. Ross Boone, a licensed clinical social worker. We dismiss the appeal for lack of jurisdiction.

The following facts, though somewhat sketchy due to the incompleteness of the record, are relevant to the issues before us. In February 1988, plaintiff was a live-in student at defendant Allendale, a school for disabled and handicapped children. During the same period of time, defendant Klein was employed by defendant Allendale as a child-care worker. Count I of plaintiff's two-count complaint alleges that defendant Klein willfully and knowingly sexually assaulted plaintiff in February 1988. Count II alleges that defendant Allendale, knowing that defendant Klein suffered from sexual confusion, failed to counsel or control defendant Klein regarding his sexual confusion and allowed him to be alone with plaintiff under circumstances which would permit sexual assaults.

After defendants filed their answers, plaintiff filed a motion to cause the clerk of the court to issue a subpoena for a discovery deposition to Dr. Baron and caused a subpoena to be served upon Mr. Boone.

On November 8, 1990, defendant Klein filed motions to quash the deposition subpoenas of Dr. Baron and Mr. Boone, pursuant to the Mental Health and Developmental Disabilities Confidentiality Act (Ill. Rev. Stat. 1989, ch. 91½, par. 801 *et seq.*). On November 26, 1990, the trial court, based on the Illinois Supreme Court's decision in *Novak v. Rathnam* (1985), 106 Ill. 2d 478, denied defendant Klein's motion to quash the deposition subpoenas. The trial court also ordered a stay of the taking of the depositions, "pending an interlocutory appeal to be taken by defendant Klein pursuant to Chapter 91½, section 810(b) of the Ill. Rev. Statutes." Defendant Klein filed a notice of interlocutory appeal on December 17, 1990.

On January 7, 1991, plaintiff filed a motion to dismiss the appeal. The gravamen of plaintiff's contention is that this court is without jurisdiction to consider the appeal. On January 23, 1991, we ordered that this motion and defendant Klein's response be taken along with the other issues presented on appeal.

Defendant Klein purports to raise the following issues on appeal: (1) whether the trial court's orders denying the motions to quash improperly deprived defendant Klein of the protections afforded by the Mental Health and Developmental Disabilities Confidentiality Act (Act); (2) whether disclosure of confidential information by Dr. Baron was improper under the Act; (3) whether improper disclosure of confidential doctor-patient information by a mental health care professional operates as a waiver of the patient's right to invoke the protections of the Act; (4) whether the supreme court's holding in *Novak v. Rathnam* is applicable to the facts of the instant case; and (5) whether the trial court should have conducted an *in camera* inspection prior to any order requiring disclosure of confidential information. We note that consideration of these issues is rendered difficult because, as plaintiff correctly points out, defendant Klein's brief is without citation to the record and addresses matters which were not made part of the record on appeal. The difficulty lies in the fact that, prior to the instant civil action, but arising out of the same set of facts, defendant Klein was criminally charged, in case No. 88—CM—1063, with battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—3(a)(2)). It was in relation to that criminal proceeding that defendant Klein was treated by Dr. Baron and Mr. Boone. It was also to the judge in that proceeding that the allegedly improper and nonconsensual psychiatric disclosures were made. Finally, since the trial court in the instant case based its ruling on the *Novak* case, the court was apparently holding that defendant Klein had waived any privilege with respect to the confidential communications because some of the information had been disclosed to the court in the prior, related criminal proceeding. As

stated, this is unclear because these facts are adduced not from the record on appeal, but rather from defendant Klein's brief.

We need not reach the substantive merits of this case, however, because we hold that this court does not have jurisdiction to consider defendant Klein's appeal of the two orders denying the motions to quash the deposition subpoenas of Dr. Baron and Mr. Boone. Defendant Klein's amended notice of appeal states that "[a]n [i]nterlocutory [a]ppeal is taken by right pursuant to the Illinois Revised Statutes, Chapter 91½, Section 810(b) and Section 307 of the Supreme Court Rules." In his motion to dismiss the appeal, plaintiff first contends that the orders appealed from are not within the ambit of those interlocutory orders appealable as of right under Supreme Court Rule 307 (134 Ill. 2d R. 307). Relying on *People v. Phipps* (1979), 79 Ill. App. 3d 532, *rev'd on other grounds* (1980), 83 Ill. 2d 87, plaintiff also contends that, to the extent that section 10(b) of the Mental Health and Developmental Disabilities Confidentiality Act (Ill. Rev. Stat. 1989, ch. 91½, par. 810(b)) attempts to make a final order out of an interlocutory order, the statute is unconstitutional. Finally, plaintiff contends that defendant Klein failed to timely serve upon plaintiff a copy of the notice of appeal and docketing statement. Thus, plaintiff maintains that this court should dismiss defendant Klein's appeal.

Defendant Klein responds that, notwithstanding the *Phipps* case, the Illinois legislature did not overstep its bounds in enacting section 10(b) of the Act. Rather, defendant Klein argues that "[t]he legislature merely clarified that an [*sic*] court order falling within the purview of the Act would provide a basis for interlocutory appeal, a remedy which naturally calls to mind Supreme Court Rule 307." Defendant Klein argues further that, according to *In re Marriage of Lombaer* (1990), 200 Ill. App. 3d 712, this court has jurisdiction pursuant to Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)), since the trial court orders "enjoined defendant Klein from asserting his right to confidentiality."

■ We first address plaintiff's argument that he was not timely served with notice of appeal or a docketing statement. In this respect, we note that plaintiff has filed a responsive brief and has failed to demonstrate how defendant Klein's failure to serve notice has prejudiced him. Therefore, plaintiff is not entitled to dismissal of the appeal on that basis. *Lachona v. Industrial Comm'n* (1981), 87 Ill. 2d 208, 212.

We next address whether the trial court's orders are appealable under section 10(b) of the Mental Health and Developmental Disabilities Confidentiality Act (Ill. Rev. Stat. 1989, ch. 91½, par. 810(b)). The last sentence of that section states:

"Any order to disclose or to not disclose shall be considered a final order for purposes of appeal and shall be subject to interlocutory appeal."

We agree with plaintiff that there is an apparent ambiguity in the language of the above provision. While on one hand the provision states that such orders are to be considered *final* for purposes of appeal, on the other it states that they are subject to *interlocutory* appeal. Nevertheless, for the reasons that follow we find that the orders denying the motions to quash are neither final for purposes of appeal nor subject to interlocutory appeal.

■ Initially, it is clear to us in examining the nature of disclosure orders as set out in the Mental Health and Developmental Disabilities Confidentiality Act (Ill. Rev. Stat. 1989, ch. 91½, par. 801 *et seq.*) that such orders possess none of the typical characteristics of finality and, therefore, do not result in final judgments for purposes of appeal. As this court stated in *Vijuk Bindery Equipment, Inc. v. Transconex, Inc.* (1988), 171 Ill. App. 3d 408:

"A judgment or order is final and appealable if it terminates the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court need only execute the judgment. [Citation.] Even though an order need not dispose of all the issues presented by the pleadings, it must be final in that it disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof." *Vijuk*, 171 Ill. App. 3d at 409-10.

We believe the Illinois Supreme Court case *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, to be especially helpful in this regard. In *Silverstein*, one of the defendants subpoenaed a newspaper reporter for his deposition and for the production of certain documents. The reporter filed a motion to quash, contending that the enforcement of the subpoena would violate the Reporter's Privilege Act (Ill. Rev. Stat. 1979, ch. 51, par. 111 *et seq.*). After a hearing, the trial court in that case denied the motion to quash on the ground that the reporter had waived his right to assert the privilege. On appeal, the appellate court found that the order denying the motion to quash was final and appealable under Supreme Court Rule 301. (*People ex rel. Scott v. Silverstein* (1980), 89 Ill. App. 3d 1039, 1042.) The Illinois Supreme Court reversed the appellate court and held that the order was not a final and appealable order under Supreme Court Rule 301. *Silverstein*, 87 Ill. 2d at 171.

■ The *Silverstein* court analyzed the appealability issue as follows:

"The 1970 Illinois Constitution vests in this court the authority to make rules governing appeals. (Ill. Const. 1970, art. VI, §§6,

16.) Also, section 6 of article VI provides that appeals from final judgments of the circuit court are a matter of right to the appellate court and that the supreme court may provide by rule for appeals to the appellate court from other than final judgments of the circuit courts. (Ill. Const. 1970, art. VI, §6.) Accordingly, Supreme Court Rule 301 (73 Ill. 2d R. 301) provides that '[e]very final judgment of a circuit court in a civil case is appealable as of right.' *** Similarly, Supreme Court Rule 304 (73 Ill. 2d R. 304) provides for appeals from final judgments as to fewer than all the parties or claims. *** Pursuant to the constitutional authority to provide for appeals from other than final judgments, Supreme Court Rules 306, 307, and 308 (73 Ill. 2d Rules 306, 307, 308) provide for appeals from certain specified interlocutory orders of the court. *Discovery orders are not made appealable under the provisions of these rules.* *** (Emphasis omitted and added.)

*** Preliminary orders in a pending case are not appealable because they are reviewable on appeal from the final order. [Citation.] However, an order cast in terms of a contempt proceeding imposing sanctions is a final and appealable order and has been held to be an appropriate method for testing pretrial discovery orders. [Citations.] The imposition of a sanction for contempt is final and appealable because, although occurring within the context of another proceeding and thus having the appearance of being interlocutory, it is an original special proceeding, collateral to and independent of, the case in which the contempt arises. [Citations.] It is the end of the proceeding begun against the witness. There is nothing left to be done but enforce the judgment." *Silverstein*, 87 Ill. 2d at 171-72.

As in *Silverstein*, the orders in the instant case, as they presently stand, are not final. Rather, they are interlocutory in nature, made as preliminary discovery orders in a pending suit. Under *Silverstein*, such orders are not appealable because they are reviewable on appeal from the final order. At this point in the proceedings, Dr. Baron and Mr. Boone have the privilege "either to obey the order[s], or stand in defiance of the power of the court." (*Silverstein*, 87 Ill. 2d at 173-74.) "Where an unappealable interlocutory order results in a judgment of contempt ***, such a judgment is a final and appealable judgment and presents to the court for review the propriety of the order of the court claimed to have been violated." *Silverstein*, 87 Ill. 2d at 174.

We next consider whether our supreme court has provided for interlocutory appeal from an order denying a motion to quash deposition subpoenas. The only pertinent supreme court rule which might be appli-

cable in this case, and the rule that defendant Klein argues does in fact apply, states:

"An appeal may be taken to the Appellate Court from an interlocutory order of court

(1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." 134 Ill. 2d R. 307(a)(1).

Defendant Klein argues that the applicability of Rule 307 to disclosure disputes under the Mental Health and Developmental Disabilities Confidentiality Act was specifically recognized in *In re Marriage of Lombaer* (1990), 200 Ill. App. 3d 712. *Lombaer* also involved an appeal from orders directing the taking of a psychiatrist's deposition. On appeal, petitioner argued, *inter alia*, that the trial court erred in ordering the discovery deposition of her psychiatrist. Respondent argued that the appeal was improperly filed pursuant to Supreme Court Rule 307(a)(1) (107 Ill. 2d R. 307(a)(1)). The Appellate Court, First District, disagreed, stating only that it had jurisdiction "to review the orders directing the doctor's deposition and the production of the medical records, which, in effect, enjoin Kimberly and her physician from asserting their privilege." (*Lombaer*, 200 Ill. App. 3d at 721.) Defendant Klein argues that, as in *Lombaer*, the trial court in the present case in effect enjoined him from asserting his rights to confidentiality, thereby bringing the case within the ambit of Rule 307 (134 Ill. 2d R. 307). We disagree.

■■ To the extent that *Lombaer* stands for the proposition that discovery orders of this type are subject to interlocutory appeal, we decline to follow that decision. Rather, we believe that *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, again delineates the proper course. To reiterate, the supreme court in *Silverstein* stated that "[p]ursuant to the constitutional authority to provide for appeals from other than final judgments, Supreme Court Rules 306, 307, and 308 [citation] provide for appeals from certain specified *interlocutory orders* of the court. Discovery orders are not made appealable under the provisions of these rules." (Emphasis in original.) (*Silverstein*, 87 Ill. 2d at 171.) We derive further support for our position from the practice notes to Rule 307, which state:

"Discovery orders are not reviewable under this rule, People ex rel. Scott v. Silverstein, 87 Ill. 2d 167, 429 N.E.2d 483, 57 Ill. Dec. 585 (1981), even though they may have the qualities of an injunction. The same is true of orders impounding court records. See JFS v. ABMJ, 120 Ill. App. 3d 261, 458 N.E.2d 76, 75 Ill. Dec. 908 (1st Dist. 1983), which goes on to say that the non-injunctive characterization applied in such cases arises from the fact that orders of those types were not historically the sole prov-

ince of courts of equity but were manifestations of the inherent power of all courts to control their own processes." Ill. Ann. Stat., ch. 110A, par. 307, Historical & Practice Notes, at 263 (Smith-Hurd 1985).

Finally, the question becomes whether, given the nonfinal nature of the orders denying the motions to quash at the time of their imposition, and the fact that the orders are not otherwise subject to interlocutory appeal, the legislature can enact a provision expressly effectuating the appealability of such orders. As stated, the last sentence of section 10(b) of the Mental Health and Developmental Disabilities Confidentiality Act states:

"Any order to disclose or to not disclose shall be considered a final order for purposes of appeal and shall be subject to interlocutory appeal." Ill. Rev. Stat. 1989, ch. 91½, par. 810(b).

■■■ The 1970 Illinois Constitution vests in the supreme court the authority to make rules governing appeals. (Ill. Const. 1970, art. VI, §§6, 16.) Thus, under article VI, section 6, the question of whether judgments or orders are appealable depends upon whether they are either final within the meaning of that section or otherwise made appealable by supreme court rule. (*In re Marriage of Lentz* (1979), 73 Ill. App. 3d 93, 96, *aff'd* (1980), 79 Ill. 2d 400.) Any legislative enactment in conflict with the supreme court rules governing appeals would be invalid. *Lentz*, 79 Ill. 2d at 405.

Relying on *People v. Phipps* (1979), 79 Ill. App. 3d 532, *rev'd on other grounds* (1980), 83 Ill. 2d 87, plaintiff argues that the above-referenced provision is unconstitutional. In *Phipps*, the defendant had filed a motion for discovery which asserted that seven potential witnesses for the State were residents of the Lincoln Developmental Center, that the State maintained personal files on these individuals, and that the files contained medical evaluations. The trial court granted defendant's request that the State furnish him with those files. The State asked the court to reconsider its discovery order, asserting that the Department of Mental Health and Developmental Disabilities had informed the prosecution that the files were confidential under the Mental Health and Developmental Disabilities Confidentiality Act (Ill. Rev. Stat., 1978 Supp., ch. 91½, par. 801 *et seq.*). The trial court entered an order stating that any witnesses who invoked the privilege would not be permitted to testify and that those who complied with the discovery order could testify. The State appealed from the order, and the defendant, while addressing the merits, also questioned the appealability of the order.

On appeal, the Appellate Court, Fourth District, held that the order was not appealable as one "suppressing evidence" under Supreme Court

Rule 604(a) (58 Ill. 2d R. 604(a)). The appellate court also held that, "to the extent that section 10(b) [of the Mental Health and Developmental Disabilities Confidentiality Act] attempts to provide for appeals from less than final judgment, it is an unconstitutional infringement by the legislature upon the rulemaking power of the supreme court and is therefore void." (*Phipps*, 79 Ill. App. 3d at 537.) The Illinois Supreme Court reversed, holding that the trial court's order was in fact appealable as one "suppressing evidence" under Rule 604(a) (58 Ill. 2d R. 604(a)). (*Phipps*, 83 Ill. 2d at 91.) The supreme court did not address the validity of section 10(b) of the Act.

As stated previously, defendant Klein argues that the legislature did not overstep its bounds, but "merely clarified that an [*sic*] court order falling within the purview of the Act would provide a basis for interlocutory appeal, a remedy which naturally calls to mind Supreme Court Rule 307." We have already concluded that the discovery orders in this case are not subject to interlocutory appeal pursuant to Supreme Court Rule 307 (134 Ill. 2d R. 307). We also disagree with defendant Klein's innocent interpretation of the appealability provision of section 10(b). Rather, we believe that but one interpretation is possible. That interpretation is that the legislature has attempted to infringe upon the constitutional power of the Illinois Supreme Court to regulate and provide for appellate jurisdiction. Accordingly, we hold that section 10(b) of the Act (Ill. Rev. Stat. 1989, ch. 91½, par. 810(b)), to the extent that that provision infringes on the appellate rulemaking power of the Illinois Supreme Court, is void.

■ For the foregoing reasons, we conclude that the November 26, 1990, orders denying defendant Klein's motion to quash the deposition subpoenas of Dr. Baron and Mr. Boone cannot be appealable either as a final judgment, an interlocutory order, or pursuant to legislative action. The appeal is therefore dismissed.

Appeal dismissed.

NICKELS and WOODWARD, JJ., concur.