RICHARD WEST, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (International Hough/Dresser Industries, Appellee).

First District (Industrial Commission Division)   No. 1—91—3034WC

Opinion filed November 30, 1992.

Teplitz & Bell, of Chicago (Joel M. Bell, of counsel), for appellant.

Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (Robert B. Ulrich, of counsel), for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Claimant, Richard West, filed an application for adjustment of claim under the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*). The matter was heard by an arbitrator on November 1, 1988, and May 8, 1989. The arbitrator determined that claimant was entitled to permanent and total disability (PTD) benefits after June 29, 1986, due to an injury arising out of and in the course of his employment with employer, Dresser Industries. The arbitrator also awarded claimant temporary total disability (TTD) benefits for the period of November 11, 1985, through June 22, 1986. A majority of the Industrial Commission (Commission) adopted the arbitrator's decision. On review, the circuit court set aside the Commission's decision as to PTD. The circuit court concluded that, based upon the record and claimant's testimony that he could perform sedentary work, the Commission could not decide the issue of employability without first determining whether vocational rehabilitation is an option. The court below remanded this cause of action for further proceedings before the Commission to determine if claimant is in need of vocational rehabilitation and, if so, to develop an appropriate rehabilitation plan. Claimant filed this timely appeal, arguing that the circuit court's setting aside of the Commission's decision as to permanence and extent of his injury should be overturned.

Before we address the specific issues raised by claimant, we must determine, *sua sponte*, whether this court has jurisdiction over the instant appeal. (*Board of Education of School District No. 122 v. Illinois State Board of Education* (1991), 209 Ill. App. 3d 542.) As indicated above, claimant filed his notice of appeal following the circuit court's remand of this case to the Commission for determination of the suitability of vocational rehabilitation. Our supreme court has held that an order reversing an award and remanding to

the Commission is interlocutory and not appealable when issued. *Mid-American Lines, Inc. v. Industrial Comm'n* (1980), 82 Ill. 2d 47; *Stockton v. Industrial Comm'n* (1977), 69 Ill. 2d 120.

We distinguish this case from *Manis v. Industrial Comm'n* (1992), 230 Ill. App. 3d 657, cited by claimant for the proposition that it is error for the circuit court to remand a matter to the Commission when the issue was not before the Commission. The *Manis* claimant had sustained neck and shoulder injuries which made it impossible for her to continue working in her job. The arbitrator awarded claimant TTD benefits for a period of 66³/7 weeks and medical expenses. The arbitrator did not find that claimant was in need of vocational rehabilitation. Thereafter, the Commission reduced the TTD benefits. Its decision made no finding as to the need for vocational rehabilitation. Later, the circuit court entered an order which reinstated the TTD benefits awarded by the arbitrator and further ordered that claimant's need for vocational rehabilitation be evaluated.

The *Manis* court addressed the issue of whether the circuit court erred in remanding the action to the Commission to determine claimant's entitlement to vocational rehabilitation. The *Manis* court held that, due to claimant's failure to raise the issue before the arbitrator and Commission, it was error for the circuit court to remand the matter to the Commission.

In the appeal at bar, unlike *Manis*, the Commission found that he was permanently and totally disabled. The evidence before the court below was conflicting as to whether claimant could perform any work. The circuit court noted that all examining and treating physicians opined that claimant was a viable candidate for vocational rehabilitation. The circuit court further found that the Commission had ignored medical recommendations and claimant's testimony when making its decision on permanent and total disability. Given the evidence before it, the court below found that the Commission could not decide the issue of employability without first determining if vocational rehabilitation is an option for claimant. Consequently, the circuit court remanded the cause of action to the Commission for a determination of claimant's suitability for vocational rehabilitation.

*Manis* should not be read so narrowly as to preclude this type of remand by the circuit court. The record supports the circuit court's assertion that the Commission had not addressed the evidence in regard to vocational rehabilitation before deciding that claimant was permanently and totally disabled.

Based upon the record before us, we find that this remand to the Commission was proper and, therefore, we hold that the appeal at bar is interlocutory. Consequently, it is not appealable.

For the above reasons, we dismiss this appeal and remand this cause to the Commission for further proceedings consistent with this opinion.

Appeal dismissed; remanded to Commission.

McCULLOUGH, P.J., and RAKOWSKI, STOUDER and LEWIS, JJ., concur.