(No. 30922.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES GATES, Plaintiff in Error.

*Opinion filed March 24, 1949.*

JAMES GATES, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (PRESTON W. KIMBALL, State's Attorney, of Carthage, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Plaintiff in error, James Gates, was indicted in the circuit court of Hancock County for the crime of attempted burglary. He pleaded not guilty and was tried by a jury which returned a verdict on March 28, 1947, finding him guilty. After a motion for a new trial was denied, the court sentenced him to a term of from one to five years

in the penitentiary. Appearing *pro se,* Gates prosecutes this writ of error presenting for our consideration the common-law record, but no bill of exceptions.

The assignments of error made in this court are that the trial court erred in denying a new trial; that the court erred in issuing a writ of *habeas corpus ad testificandum* to bring a witness from the penitentiary to testify for the People; that prejudicial evidence was admitted at the trial; that perjury had been committed by witnesses for the People; that the court wrongfully excluded part of the testimony offered by plaintiff in error; that the bailiff in charge of the jury improperly communicated with the jury; that the People had failed to check for fingerprints, footprints and like evidence, at the scene of the alleged crime; and that the court erroneously refused to give an instruction tendered by his counsel.

There appears in the common-law record a copy of the motion for a new trial filed by plaintiff in error's counsel after the jury trial. The errors assigned in this court are, to a great extent, identical with the grounds urged in support of the motion for a new trial. The statements in the motion for a new trial are at best but conclusions of plaintiff in error's counsel, and present no detailed account of the evidence, omissions, or occurrences complained of. Plaintiff in error in this court treats the allegations contained in the motion for a new trial as a bill of exceptions and has abstracted it as such. He urges that we consider the errors assigned on the basis of the conclusions stated by his attorney in the aforesaid motion. We must hold that such a motion and its contents cannot take the place of a bill of exceptions. The rules of this court provide that a bill of exceptions must contain all the testimony and all rulings of the trial judge in relation thereto. Further the bill must be certified to by the trial judge and filed in the office of the clerk of the court. The statements of plaintiff in error's counsel as to his interpretation and con-

clusions reached from the evidence clearly fails to bring a report of the proceedings before this court. We are, therefore, limited in our consideration to the alleged errors based on the common-law record.

The petition for the writ of *habeas corpus ad testificandum,* the order and writ thereon, of which the plaintiff in error complains, do appear in the common-law record. In the brief filed in this court plaintiff in error does not argue wherein such procedure was improper or illegal beyond a statement that it is so, and he cites no cases on the subject for our information. This court has held that the circuit court has the power to thus bring a prisoner into court to testify. (*People ex rel. Lucey* v. *Kersten,* 269 Ill. 597.) In addition, the record before us does not show whether the person named in this writ actually testified at the trial and, if he did not, there could be no prejudice to the plaintiff in error in merely using this procedure to bring the witness to court.

As to the assignment of error relating to the refusal of the court to give an instruction, the plaintiff relies on the common-law record wherein appear copies of certain instructions marked "given" and "refused." The instruction complained of is one therein set forth bearing on its margin the word "refused." It states in effect that if the People failed to produce material evidence and did not explain such failure, a presumption would arise that such evidence would be damaging to the prosecution and favorable to plaintiff in error. In his argument plaintiff in error says that the evidence which did not appear at the trial, and to which he is referring when he complains of the failure to give this instruction, is fingerprint and footprint evidence, which, he argues, would, if produced, have shown another person to have committed the crime. Although such instruction, as tendered, appears in the common-law record, we cannot pass on the refusal to give it, for we do not know what evidence was, or was not, presented in

the trial court, and cannot therefore determine its applicability in this case. The common-law record alone being before us, we may not go beyond it in considering the errors assigned by plaintiff in error. *People* v. *Foster,* 394 Ill. 194; *People* v. *Conn,* 391 Ill. 190.

The other errors assigned are not based on the common-law record, and may not be considered in the absence of a bill of exceptions. The judgment of the circuit court of Hancock County is affirmed.    *Judgment affirmed.*