(No. 34800.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JIMMIE RAY FOWLER *et al.*, Plaintiffs in Error.

*Opinion filed June 20, 1958.*

ANGELO N. GAZIANO and ANTHONY R. FABIANO, both of Rockford, for plaintiffs in error.

JOHN B. ANDERSON, State's Attorney, of Rockford, for defendant in error.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On pleas of guilty in the circuit court of Winnebago County, Jimmie Ray Fowler, 15 years of age, and William V. Powell, 16 years old, were convicted of armed robbery. After a hearing at which proof of their ages was made, their petitions for release on probation were denied, and on January 23, 1958, each was sentenced to imprisonment in the penitentiary for a term of not less than two nor more than seven years. On February 4, each defendant filed a motion to vacate the sentence. A hearing thereon was had February 6, and an order was entered denying the motion. They were thereafter granted leave to file an original petition for *mandamus* in this court, seeking to expunge the order sentencing them to the penitentiary. Pursuant to oral stipulation the cause has been taken as on writ of error, and no question remains as to the propriety of the remedy of *mandamus*.

Defendants insist that under the provisions of section 3 of the Sentence and Parole Act (Ill. Rev. Stat. 1957, chap. 38, par. 803,) the trial judge had a mandatory duty to commit them to the Illinois Youth Commission, and that the sentence to the penitentiary was contrary to law and void. Section 1 enumerates the crimes of misprision of treason, murder, voluntary manslaughter, rape and kidnapping, and provides that where a person is found guilty of any such crime the jury shall fix the punishment, or if the trial is by the court without a jury the court shall fix a definite term of imprisonment. (Ill. Rev. Stat. 1957, chap. 38, par. 801.) The first sentence of section 3 reads as follows: "Except for the crimes enumerated in Section 1 of this Act, every person, male or female, over ten years of age, who shall be adjudged guilty of felony, or other crime punishable by imprisonment in the penitentiary, or by imprisonment either in the penitentiary or jail, and as to whom the court shall not have assessed the jail sentence, shall in all cases, *except as herein otherwise provided in clauses one and two,* be sentenced to the penitentiary, and the court imposing sentence shall fix the minimum and maximum limits or duration of imprisonment." (Emphasis supplied.) By clause 1 of said section it is required, in so far as is relevant here, that "Every male person under the age of 17 years adjudged guilty after December 31, 1953, of any offense enumerated in this Section shall be committed to the Youth Commission instead of the penitentiary." Section 3 provides further that: "Every commitment to the Youth Commission pursuant to Clause 1 or Clause 2 of this Section shall be a general commitment to the Youth Commission, subject to placement, transfer, parole, and discharge by the Youth Commission in accordance with the Youth Commission Act, enacted by the Sixty-eighth General Assembly, and subject to transfer at the age of 21 as provided in Section 3a of this Act, and the court making the commitment shall not fix or limit the

duration thereof, but the duration of such commitment shall not exceed the maximum term provided by law for the offense for which the person was convicted. It shall be deemed and taken as a part of every such commitment that the provisions of the Youth Commission Act relating to the powers of such Commission with respect to persons committed to it and the provisions of Section 3a of this Act relating to transfer of such persons at the age of 21 shall be a part of such commitment as fully as though written in the order of commitment." Under the provisions of section 3a, (par. 803.1,) when the person becomes 21 years old without having been discharged, and the maximum term provided by law for the offense has not yet expired, he or she must "1. Be transferred to the Illinois State penitentiary in the case of a male placed in an institution or facility under the control of the Youth Commission; 2. Be transferred to the State reformatory for women, in the case of a female placed in an institution or facility under the control of the Youth Commission; 3. Become subject to the supervision of the Parole and Pardon Board, in the case of a person placed on parole by the Youth Commission."

It is not disputed that each of the defendants was under 17 years of age at the time of conviction, which occurred in January, 1958, and that the crime of which they were adjudged guilty was one as to which section 3 is applicable. It is argued, however, that the crime was one of violence; that probation was properly denied; and that the court had jurisdiction over the person and subject matter. It is then asserted that there was a duty upon the court, as evidenced by section 2, to impose a minimum and maximum sentence. We find no basis whatever for the position. Section 2, which directs the courts to fix the minimum and maximum limits or duration of imprisonment in imposing sentence for a crime within the present class, expressly states that "The provisions of this paragraph shall not apply to persons

committed to the Youth Commission pursuant to clause 1 or clause 2 of Section 3." (Ill. Rev. Stat. 1957, chap. 38, par. 802.) The language of the statute in clear and unambiguous terms requires commitment to the Youth Commission where the defendant is less than 17 years of age. Where the intention of the legislature is so plainly expressed there is no room left for construction.

The principal contention in support of the sentence is apparently that the provisions requiring commitment to the Youth Commission are unconstitutional. The argument advanced in support of it consists in the statement that "a sentence to the Youth Commission created by the Youth Commission Act of 1953 is an improper and an unconstitutional sentence in as much as that is an unlawful delegation of judicial power to an administrative agency." The Youth Commission Act (Ill. Rev. Stat. 1957, chap. 23, par. 2501 *et seq.*) was passed to provide methods of training and treatment for youthful offenders which are directed to their correction and rehabilitation. Upon receiving a person committed to it, the commission is required to examine him and investigate the pertinent circumstances of his life, including the causes of the behavior for which he was committed. The commission must then order such placement and treatment as it determines to be most conducive to his rehabilitation and the protection of society. Section 11 of the act authorizes the commission to "1. place him in an appropriate institution or facility under such conditions as it deems best designed for the training and rehabilitation of the person and the protection of the public; 2. order his release on parole under such supervision and conditions as it believes conducive to law-abiding conduct; 3. order replacement or renewed parole as often as conditions indicate it to be desirable; 4. revoke or modify any order of the Commission except an order of discharge as often as conditions indicate it to be desirable; 5. discharge the person from its custody and control when it is satisfied

that such discharge is consistent with the welfare of the individual and the protection of the public." Other provisions empower the commission to require his participation in vocational, physical, educational and corrective training activities; and direct that periodic re-examinations be made of all persons under control of the commission. By section 15 it is provided that unless the person has already been discharged, "The control by the Commission of a person committed in a criminal proceeding shall cease at the expiration of the maximum term provided by law for the offense for which he was committed and he shall thereupon be discharged, but if such maximum term does not expire until after his twenty-first birthday the control and custody of the Commission over such person shall cease on his twenty-first birthday and he shall immediately become subject to the control and custody of the Department of Public Safety or if on parole of the Parole and Pardon Board, * * *."

An examination of section 3 of the Sentence and Parole Act and the provisions of the Youth Commission Act fails to disclose an unlawful delegation of judicial power. The commitment provided for must be read in the light of and under the restrictions imposed by the law prescribing the penalty for the particular crime. It is well established that under section 2 of the Sentence and Parole Act the court is not required to fix a minimum or maximum limit of duration of imprisonment different from the penalty imposed by law on conviction of the crime, though it may do so within the limitations provided in the act, and that in all cases of conviction the penalty prescribed by law is written into the judgment of the court. (*People* v. *Green*, 394 Ill. 173; *People* v. *Brown*, 389 Ill. 202.) A sentence under the indeterminate sentence provisions of the act is a definite sentence for the maximum term provided by law for the offense for which the sentence is imposed, (*People* v. *Wilson*, 391 Ill. 463; *People ex rel. Barrett* v. *Sbarbaro*,

386 Ill. 581,) and it is clear that a commitment to the Youth Commission under the provisions of section 3 effects no departure from this rule.

It is provided, in section 3, that "the court making the commitment shall not fix or limit the duration thereof, but the duration of such commitment shall not exceed the maximum term provided by law for the offense for which the person was convicted." In *People ex rel. Bradley* v. *Illinois State Reformatory,* 148 Ill. 413, this court considered the validity of an act to establish the State Reformatory. (Laws of 1891, p. 51.) The statute required that every sentence to the reformatory of a person between the ages of 16 and 21 years, convicted of a felony or other crime, shall be a general sentence of imprisonment in the Illinois State Reformatory, that the courts imposing the sentence shall not fix or limit the duration thereof, and that the term of imprisonment shall be terminated by the board of managers as authorized by the act. It was further provided that although the sentence is a general sentence of imprisonment, "such imprisonment shall not exceed the maximum term provided by law for the crime for which the prisoner was convicted and sentenced." In holding that the statute was not unconstitutional we observed: "This provision, and others of like import, being read into the judgment and *mittimus,* we think that it should be regarded that the judgment and commitment in this case were for twenty years, that being the maximum term provided by law for the crime of burglary. The fact that the prisoners might, in accordance with the provisions of the act, be sooner discharged by an order of court, predicated upon the recommendation of the board of managers of the reformatory, or by the pardon or commutation of the Governor, would not have the effect of rendering the sentence and commitment uncertain and indefinite."

In *People* v. *Mikula,* 357 Ill. 481, it was contended that the Sentence and Parole Act conferred upon the Depart-

ment of Public Welfare a judicial power to determine when and at what time a convict should be paroled, and that the act was therefore void. In rejecting the contention, we pointed out that "A sentence under the act is for the maximum term provided by law. The provisions for releasing a convict prior to the expiration of the maximum period were intended for his benefit as well as for the benefit of society. They do not affect his sentence, and the Department of Public Welfare in exercising its powers performs no judicial function." It has long been established that the legislature may empower administrative agencies to provide for the management and discipline of prisoners and their temporary release on parole. (*George v. People,* 167 Ill. 447.) It is likewise within the legislative province to make reasonable classification of persons convicted of crime, in order to effectively promote their rehabilitation and reformation. The determination of where the criminals shall be placed or committed is wholly within the legislative authority; and except as the legislature has conferred it the courts have no discretion in the matter. (*People ex rel. Latimer v. Randolph,* Nos. 34634-35-36 cons.) The fact that youthful offenders are largely unsettled in their characters and habits may be taken into consideration by the legislature in fixing the punishment for crime, both in determining the method of inflicting punishment and in limiting its quantity and duration. (See *People ex rel. Bradley v. Illinois State Reformatory,* 148 Ill. 413, 423.) Under the Youth Commission Act broad powers are conferred to exercise judgment and discretion, to investigate, deliberate and decide. But such functions are performed in execution of the sentence. They do not constitute an exercise of judicial power. In exercising its powers of custody, supervision and control the Youth Commission does not try the offender for a criminal offense nor impose punishment upon him for a crime. Its function is limited to the administration of the indeterminate sentence or com-

mitment pronounced by the court. A sentence of commitment not to exceed the maximum term for the crime of which the person is convicted, without setting forth what the maximum is, does not involve a delegation of judicial powers to the ministerial agency. Such a sentence leaves nothing to be determined by the latter as to the term for which the person is sentenced or committed, since such term is fixed by the statute, although it is subject to being terminated earlier than the maximum in accordance with the provisions of the Sentence and Parole Act. (*People* v. *Dwyer*, 324 Ill. 363.) Under section 3 a commitment to the Youth Commission is for not more than the maximum term, insofar as duration is concerned, which the law prescribes for the offense of which the person was convicted. The provisions of the Youth Commission Act are incorporated into the sentence and become a part of it as much as if they were actually written into it. In performing its duties with respect to the management and rehabilitation of the offender, the commission is merely executing the sentence. The sentence itself is not changed or altered, and statutes prescribing such duties do not confer judicial powers on the administrative body. See *People ex rel. Day* v. *Lewis*, 376 Ill. 509, 514; *People* v. *Joyce*, 246 Ill. 124.

The decision of this court in *People* v. *Montana*, 380 Ill. 596, has no application here. The amendments involved in that case required the court, as a part of the sentence, to make an advisory recommendation as to the minimum and maximum limits or duration of imprisonment. The Division of Correction was then given authority to change such recommendation, and provision was made for entering such change upon the record of the trial court. We held that a change of the recommendation increasing the maximum is, in effect, an increase of the sentence and a change in the judgment of the court; and that the amendments purporting to authorize an administrative body to make such changes constituted an unlawful delegation of judicial

power. Under the provisions in question here, however, the court does not fix minimum or maximum limits or duration of imprisonment, but the sentence is a general one for the term prescribed by law for the particular offense. The Youth Commission is given no power to change the sentence pronounced by the court.

We conclude that no unlawful delegation of judicial power has been shown. Since defendants were lawfully convicted, the order will be reversed and the cause remanded to the circuit court of Winnebago County with directions to enter a proper sentence committing defendants to the Youth Commission in accordance with the statute.

*Reversed and remanded, with directions.*