THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff v. ANTHONY EHLERS, Defendant (The Department of Corrections, Intervenor-Appellant).

Second District    No. 2—98—0060

Opinion filed November 13, 1998,—Rehearing denied December 28, 1998.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Michael P. Doyle, Assistant Attorney General, of counsel), for appellant.

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Anthony Ehlers, was convicted of first degree murder, sentenced to death, and imprisoned in Menard Correctional Center

(Menard). Defendant moved to vacate his sentence and obtain a new sentencing hearing. He sought an order of *habeas corpus ad testificandum* (see 735 ILCS 5/10—135, 10—136 (West 1996)) for the hearing on his motion to vacate. The circuit court granted the request, ordering intervenor, the Department of Corrections (DOC), to transport defendant to Lee County the day before the hearing and to deliver him to the custody of the Lee County sheriff pending his testimony. The circuit court denied the DOC's motion to quash the order, and the DOC appeals (see 166 Ill. 2d R. 307(a)(1); *People v. Collins*, 249 Ill. App. 3d 924, 926-27 (1993)).

On appeal, the DOC argues that the court exceeded its authority in requiring the DOC to transfer defendant to the county sheriff the day before the hearing. The DOC maintains that, although the court could require the DOC to produce defendant for the hearing, it could not order the DOC to surrender custody for the convenience of defendant's counsel.

We agree that the circuit court could not order the DOC to transfer custody of defendant. Therefore, we modify the circuit court's order to direct the DOC to produce defendant for the hearing but to retain custody of him throughout the proceedings.

On September 13, 1996, a Stephenson County jury convicted defendant of first degree murder and armed robbery. Later, the circuit court sentenced defendant to death for murder and 30 years' imprisonment for armed robbery. On March 8, 1998, the court vacated the sentences and granted defendant a new sentencing hearing. This interlocutory appeal centers on the events preceding the order granting defendant a new sentencing hearing.

On October 20, 1997, the circuit court entered an "Order of Habeas Corpus" directing the warden of Menard to transport defendant to the Lee County jail in Dixon and to deliver defendant to the Lee County sheriff's custody on December 1, 1997; directly after defendant's court appearance on December 4, 1997, Lee County would return defendant to the warden's custody. After continuing the hearing to January 23, 1998, at 10 a.m., the court ordered that defendant would be "returned" to Lee County on January 22, 1998, at 1 p.m. "to confer with his counsel."

The DOC moved to quash the order, asserting that the court could order an inmate produced in court for a hearing but could not order the inmate transferred to a county facility "for the convenience of his attorney." An assistant warden at Menard submitted an affidavit stating in part that the nearest suitable State facility to house defendant after he was taken from Menard and before he testified was in Pontiac; transporting defendant between there and Lee County would increase the danger to the general public and the cost to the State.

Defendant responded that section 10—135 authorized the court to require the DOC to produce defendant to testify at the hearing and that, given the distance involved, fairness and practicality required that he be brought to court the day before he testified.

The circuit court denied the motion to quash. The court explained that, in giving defendant time to meet with his counsel before the hearing, it had tried to serve the interest of all concerned in a prompt and fair hearing. The DOC had suggested there was no need to bring defendant to Lee County, as his attorney could visit him at Menard. However, this procedure would greatly increase the expense to Stephenson County, which paid defendant's counsel. Also, the DOC's security concerns were unpersuasive; it had raised no such issues when defendant was confined without incident in the Lee County jail for four days in August 1997.

On appeal, the DOC asserts that the trial court exceeded its authority under section 10—135 in ordering defendant transferred to a county jail 21 hours before the actual hearing. The DOC urges that, because an order of *habeas corpus ad testificandum* serves the narrow purpose of ensuring a defendant's presence at a hearing, the court could not order defendant transferred well in advance of the hearing solely for the convenience of his counsel and the county paying counsel's expenses.

Defendant has not filed a brief, but the record is short and we may decide the issues without the benefit of an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

The DOC concedes that there has been no live controversy since it produced the defendant per the order. However, the DOC urges us not to dismiss the appeal as moot, as the issue is of great public interest and, given the short duration of this and similar orders, applying the mootness rule could insulate an entire class of cases from appellate review. We agree with the DOC that, as an order of *habeas corpus ad testificandum* typically does not last long, applying the mootness doctrine could preclude issues capable of repetition from ever being reviewed on appeal. See *Yiadom v. Kiley*, 204 Ill. App. 3d 418, 424-25 (1990). Therefore, we decline to dismiss the appeal as moot. We need not decide whether the public interest also requires us to disregard the mootness rule.

Sections 10—135 and 10—136 of the Code of Civil Procedure codify the common-law writ of *habeas corpus ad testificandum* by providing that, when necessary, circuit courts may enter orders "to bring before them any prisoner to testify" (735 ILCS 5/10—135 (West 1996)) and that, after testifying, the prisoner is to be remanded to the

place of confinement from which he or she was taken (735 ILCS 5/10—136 (West 1996)). Although sections 10—135 and 10—136 enable a court to order a prisoner produced so he may testify, they do not specify whether the court may also order a temporary change in the prisoner's custody pending his appearance in court. To answer this question, we turn to the case law. We conclude that the few Illinois cases to address this issue do not allow a circuit court to require even a temporary pre-hearing change of custody.

In *People ex rel. Lucey v. Kersten*, 269 Ill. 597 (1915), the circuit court of Cook County issued a writ of *habeas corpus ad testificandum* requiring the warden of the state penitentiary to produce a prisoner, Steinberg, for testimony before a Cook County grand jury. The order purported to transfer custody of Steinberg from the warden to the county sheriff pending further court order. The prisoner spent time in the county jail but never testified. After the grand jury's term expired, the Attorney General sought a writ of *mandamus* to require the circuit court to restore custody of the prisoner to the warden. Awarding the writ, the supreme court stated:

> "[t]he respondent clearly had jurisdiction to issue the writ of *habeas corpus ad testificandum* under the statute. Respondent, however, was without power to enter an order taking the prisoner from the custody of the warden and placing him in the custody of the sheriff of Cook county [*sic*]. The issuance of a writ of *habeas corpus ad testificandum* does not have the effect of taking the prisoner out of the custody of the officer in whose charge he is, and in this case it was the duty of the warden, in producing Steinberg in answer to the writ, to retain custody of him and to return him to the penitentiary immediately upon the conclusion of his testimony." *Kersten*, 269 Ill. at 600-01.

See also *People ex rel. Lucey v. Turney*, 273 Ill. 546, 559 (1916).

Much more recently, in *People v. Collins*, 249 Ill. App. 3d 924 (1993), the appellate court relied on *Kersten* to forbid even a temporary change in the prisoner's custody. The circuit court issued an order of *habeas corpus ad testificandum* requiring the DOC to produce the defendant the day before he testified at the hearing on his postconviction petition and to surrender custody of him to the county sheriff for the duration of the hearing. The appellate court affirmed the order insofar as it required the defendant to be produced so he could testify. However, the court vacated the part of the order transferring custody of the defendant to the county sheriff. Relying on *Kersten* and *Turney*, the court explained that a court that issues an order of *habeas corpus ad testificandum* "is without authority to order the prisoner taken from the warden's custody and remanded to the county sheriff." *Col-*

*lins*, 249 Ill. App. 3d at 928. On remand, the circuit court was to issue a revised order stating that the defendant would remain in the DOC's custody "during the post-conviction proceedings." *Collins*, 249 Ill. App. 3d at 928-29.

■ From the sweeping language of *Kersten* and *Collins*, we conclude that a circuit court that enters an order of *habeas corpus ad testificandum* may not order the prisoner transferred from one custodian to another, even for a limited time before he testifies. The entry of the order cannot deprive the DOC of its custody of the prisoner. Thus, the order here must be modified to keep custody of defendant with the DOC throughout the proceedings. We note that the Illinois rule differs from long-standing authority in the federal courts, where an order of *habeas corpus ad testificandum* temporarily puts the prisoner in the court's custody, thus enabling the court to order him confined briefly in a local facility before he testifies. See *Barth v. Clise*, 79 U.S. 400, 402, 20 L. Ed. 393, 393-94 (1871); *Rivera v. Santi-rocco*, 814 F.2d 859, 862-63 (2d Cir. 1987) (relying in part on *Barth*). Such temporary prehearing confinement in a local facility is routine where the distance or time involved warrants it. See, *e.g., Ballard v. Spradley*, 557 F.2d 476, 480-81 (5th Cir. 1977); *Ball v. Woods*, 402 F. Supp. 803, 809 (N.D. Ala. 1975), *aff'd sub nom. Ball v. Shamblin*, 529 F.2d 520 (5th Cir. 1976). Whatever the advantages of this procedure, however, Illinois law does not allow it.

The judgment of the circuit court of Stephenson County is affirmed as modified.

Affirmed as modified.

GEIGER, P.J., and BOWMAN, J., concur.