NO. 4-01-0831

 IN THE APPELLATE COURT

 OF ILLINOIS

 FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,
 Plaintiff-Appellee,
 v.
HAROLD L. FREED,
 Defendant-Appellee,
 and
THE DEPARTMENT OF CORRECTIONS,
 Appellant. |)
)
)
)
)
)
)
) |Appeal from
Circuit Court of
Sangamon County
No. 98CF986

Honorable
Steven H. Nardulli,
Judge Presiding. |
|_________________________________________________________________
 JUSTICE STEIGMANN delivered the opinion of the court:
 In January 1999, the trial court found defendant, Harold L.
Freed, to be a sexually dangerous person, as defined in section 1.01 of the
Sexually Dangerous Persons Act (Act) (725 ILCS 205/1.01 (West 1998)), and
committed him to the Director of the Illinois Department of Corrections
(Department). In February 2001, defendant pro se filed an application
showing recovery under section 9 of the Act (725 ILCS 205/9 (West 2000)).
In June 2001, defendant, through his appointed counsel, requested that the
court appoint a psychiatrist not employed by the Department to conduct an
independent psychiatric examination of him. In July 2001, the court
granted defendant's request for an independent psychiatric examination.
 On August 10, 2001, defendant filed a second-amended petition
for writ of habeas corpus ad testificandum, requesting that the trial court
order the Department to bring him from Big Muddy River Correctional Center
(Big Muddy) to the Sangamon County jail (jail) on August 11, 2001, where he
would be housed until August 14, 2001, for an independent psychiatric
examination and a "future hearing." That same day, the court issued an
order directing the Department to house defendant at the jail from August
11, 2001, through August 14, 2001, "with custody to remain with the
[Department]."
 The Department appeals the trial court's August 10, 2001,
order, and we reverse.
 I. BACKGROUND
 In October 1998, the State charged defendant with aggravated
criminal sexual abuse (720 ILCS 5/12-16(a) (West 1996)) and two counts of
child pornography (720 ILCS 5/11-20.1(a)(1) (West 1994)). In November
1998, the State (1) petitioned the trial court to proceed under the Act
(725 ILCS 205/1.01 through 12 (West 1998)) and (2) moved the court to
appoint two psychiatrists, Dr. Joseph Bohlen and Dr. Terry Killian, to
examine defendant and report back to the court. The court later granted
both the State's petition and its motion.
 In January 1999, the State filed a petition to have defendant
declared a sexually dangerous person under the Act (725 ILCS 205/1.01
through 12 (West 1998)), alleging the following: (1) the charges then
pending against defendant--namely, aggravated criminal sexual abuse (720
ILCS 5/12-16(a) (West 1996)) and two counts of child pornography (720 ILCS
5/11-20.1(a)(1) (West 1994)); (2) defendant had a history of sexual
involvement with children; and (3) both Killian and Bohlen had concluded
that defendant was a sexually dangerous person in that he suffered from a
mental illness, pedophilia, which had existed for more than a year. Later
that month, defendant stipulated to and admitted the allegations set forth
in the State's petition, and the trial court found him to be a sexually
dangerous person and committed him to the Department. Defendant was later
assigned to Big Muddy.
 In February 2001, defendant pro se filed (1) an application
showing recovery under section 9 of the Act (725 ILCS 205/9 (West 2000));
and (2) a motion for writ of habeas corpus ad testificandum, requesting
that he be produced before the trial court "at such time, and for such
purpose, as may be required." Later that month, the court ordered the
Department to prepare a socio-psychiatric report regarding defendant, and
in May 2001, the Department filed that report with the court.
 In June 2001, defendant requested that the trial court appoint
a psychiatrist not employed by the Department to conduct an independent
psychiatric examination of him. In a July 2001 docket entry, the court
granted defendant's request for an independent psychiatric examination and
directed that a writ was "to issue directing delivery of [defendant] to the
[jail]." Later that month, defendant filed a petition for writ of habeas
corpus ad testificandum, requesting that the court direct the Department to
bring him to the jail on August 11, 2001, to be evaluated by Killian. That
same day, the court entered an order issuing the writ.
 On August 7, 2001, the Department filed a motion to quash the
trial court's July 2001 order, alleging that the court had erred by issuing
the writ because it was not for one of the purposes provided in section 10-
135 of the Code of Civil Procedure, which sets forth the proper procedure
for bringing an inmate before the trial court (hereinafter habeas corpus ad
testificandum statute) (735 ILCS 5/10-135 (West 2000)). On August 8, 2001,
the court granted defendant's amended petition for writ of habeas corpus ad
testificandum, which requested that the court direct the Department to
bring defendant to the jail on August 11, 2001, to be evaluated by Killian
and for a "future hearing."
 On August 9, 2001, the Department filed a motion to quash the
trial court's August 8, 2001, order, alleging that the court erred by (1)
issuing the writ for an improper purpose under the habeas corpus ad
testificandum statute (735 ILCS 5/10-135 (West 2000)), (2) transferring
custody of defendant from the Department to jail officials, and (3)
compelling the production of defendant too far in advance of any scheduled
court hearing. That same day, the court denied the Department's motion,
upon finding that (1) defendant had a right to an independent psychiatric
examination; (2) the Department was reading the habeas corpus ad
testificandum statute too narrowly; and (3) quashing the August 8, 2001,
order would impose inappropriate burdens on defendant. The court also
directed defendant to file a second amended petition for writ of habeas
corpus ad testificandum, which would request that defendant be housed at
the jail for a limited time, until August 14, 2001.
 On August 10, 2001, defendant filed a second amended petition
for writ for habeas corpus ad testificandum, requesting that the trial
court order the Department to bring him from Big Muddy to the jail on
August 11, 2001, where he would be housed until August 14, 2001, to be
evaluated by Killian and for a "future hearing." That same day, the court
issued an order directing the Department to house defendant at the jail
from August 11, 2001, through August 14, 2001, "with custody to remain with
the [Department]." The Department complied with the court's order the
following day.
 This interlocutory appeal followed.
 II. ANALYSIS
 A. Appellate Jurisdiction
 Defendant concedes that this court has jurisdiction over the
Department's appeal. Because the trial court's August 10, 2001, order--
which required that the Department do a particular thing--had the force and
effect of an injunction, the Department properly filed an interlocutory
appeal under Supreme Court Rule 307(a). 188 Ill. 2d R. 307(a)(1) ("An
appeal may be taken to the [a]ppellate [c]ourt from an interlocutory order
of court *** granting, modifying, refusing, dissolving, or refusing to
dissolve or modify an injunction"); People v. Collins, 249 Ill. App. 3d
924, 926-27, 619 N.E.2d 871, 874 (1993) (holding that an order directing
the Department to transport an inmate to a county jail for a hearing was in
the nature of an interlocutory appeal, and, thus, an interlocutory appeal
under Rule 307(a) was proper).
 B. Mootness
 The Department concedes that no live controversy exists because
it complied with the trial court's August 10, 2001, order. However, the
Department urges this court not to dismiss its appeal as moot because (1)
given the short duration of this and similar orders, applying the mootness
doctrine could insulate an entire class of cases from appellate review; and
(2) the issue on appeal is of great public interest.
 Illinois courts have held that when a case involves an event of
short duration that is "'capable of repetition, yet evading review,'" it
may qualify for review even if it would otherwise be moot. In re Barbara
H., 183 Ill. 2d 482, 491, 702 N.E.2d 555, 559 (1998), quoting In re A
Minor, 127 Ill. 2d 247, 258, 537 N.E.2d 292, 297 (1989). To receive the
benefit of this exception, the complaining party must demonstrate that (1)
the challenged action is too short in duration to be fully litigated prior
to its cessation, and (2) a reasonable expectation exists that the same
complaining party would be subjected to the same action again. Barbara H.,
183 Ill. 2d at 491, 702 N.E.2d at 559.
 We agree with the Department that this case satisfies both of
these requirements. Typically, challenged orders of habeas corpus ad
testificandum will expire before appellate review can be completed, as
happened here. See People v. Ehlers, 301 Ill. App. 3d 186, 188, 703 N.E.2d
539, 541 (1998) (noting that an order of habeas corpus ad testificandum
usually does not last long). The trial court's August 10, 2001, order
directed the Department to bring defendant to the jail on the following
day, where he would remain until August 14, 2001. That period of time was
far too brief to permit appellate review of the court's order. To apply
the mootness doctrine under these circumstances would mean that the
Department would be left without any legal recourse for challenging such
orders.
 The second requirement is also satisfied in this case.
Although a trial court is not required to provide an independent
psychiatrist to a defendant in proceedings under the Act (People v.
Trainor, 196 Ill. 2d 318, 339, 752 N.E.2d 1055, 1067 (2001)), the court, in
its discretion, may appoint a psychiatrist to evaluate the defendant (see
People v. McVeay, 302 Ill. App. 3d 960, 964, 706 N.E.2d 539, 543 (1999)
(discussing the trial court's discretion in appointing examining
psychiatrists under the Act)). Given this, we conclude that it is
reasonable to expect that the Department will again be faced with the same
sort of order under the habeas corpus ad testificandum statute. We also
agree with the Department that it is reasonable to expect that in the
future it will be subject to other types of orders under the habeas corpus
ad testificandum statute (e.g., an order to bring an inmate before the
court to testify). See A Minor, 127 Ill. 2d at 259, 537 N.E.2d at 297 (to
satisfy the second requirement of the mootness doctrine exception, the
party need not show that the statute at issue will be applied again in
precisely the same circumstances or for precisely the same reasons;
instead, "[i]t is sufficient that the same statutory provision will most
likely be applied in future cases involving the same party").
 We thus decline to dismiss this appeal as moot. We need not
address the Department's contention that the public interest of the issue
on appeal also requires us to disregard the mootness doctrine.
 C. The Department's Claim That the Trial Court Erred by
 Entering the August 10, 2001, Order of
 Habeas Corpus Ad Testificandum
 The Department argues that the trial court erred by entering
the August 10, 2001, order of habeas corpus ad testificandum, which
directed the Department to produce defendant at the jail from August 11,
2001, until August 14, 2001, for an independent psychiatric evaluation and
a "future hearing." Specifically, the Department contends that the court's
order did not comport with the habeas corpus ad testificandum statute (735
ILCS 5/10-135 (West 2000)). We agree.
 Because the trial court's August 10, 2001, order involved an
interpretation of the habeas corpus ad testificandum statute (735 ILCS 5/10-
135 (West 2000)), we review de novo the court's decision. See In re Estate
of Dierkes, 191 Ill. 2d 326, 330, 730 N.E.2d 1101, 1103 (2000). A court's
primary function in interpreting a statute is to determine and give effect
to the intent of the legislature, and legislative intent is best determined
by the language of the statute. Walker v. Rogers, 272 Ill. App. 3d 86, 90,
650 N.E.2d 272, 275 (1995). A court reading a statute should give the
statutory language its plain and popularly understood meaning. Roser v.
Anderson, 222 Ill. App. 3d 1071, 1075, 584 N.E.2d 865, 868 (1991). When a
statute is unambiguous, courts must enforce it as enacted. Philips
Electronics, N.V. v. New Hampshire Insurance Co., 295 Ill. App. 3d 895,
904, 692 N.E.2d 1268, 1275 (1998). A court must not rewrite a statute to
make it consistent with the court's idea of orderliness and public policy.
City of Springfield v. Judith Jones Dietsch Trust, 321 Ill. App. 3d 239,
245, 746 N.E.2d 1272, 1277 (2001).
 The Department has sole discretion in placing, handling, and
transferring inmates within its control. The legislature has given the
Department both the ability and power to assign inmates to any of its
facilities, and the Department has been charged with the responsibility of
maintaining programs of control and rehabilitation for inmates within its
facilities. 730 ILCS 5/3-2-2(1)(b), (1)(d) (West 2000). In addition,
section 8 of the Act specifically grants the Director of the Department the
power to place a sexually dangerous person "in any facility" of the
Department set aside for the care and treatment of sexually dangerous
persons. 725 ILCS 205/8 (West 2000). Except as provided by the
legislature, courts may not intervene in matters that lie within the
Department's discretion. People v. Fowler, 14 Ill. 2d 252, 259, 151 N.E.2d
324, 328 (1958); People v. Lego, 212 Ill. App. 3d 6, 8, 570 N.E.2d 402, 404
(1991).
 Recognizing the Department's responsibility for placing and
controlling inmates within its facilities, the legislature enacted the
habeas corpus ad testificandum statute, which sets forth the proper
procedure for bringing an inmate before the trial court (735 ILCS 5/10-135
(West 2000)). Collins, 249 Ill. App. 3d at 927, 619 N.E.2d at 874. That
statute provides as follows:
 "The several courts having authority to grant relief by
 habeas corpus, may enter orders, when necessary, to bring before
 them any prisoner to testify, or to be surrendered in discharge
 of bail, or for trial upon any criminal charge lawfully pending
 in the same court[,] or to testify in a criminal proceeding in
 another state ***." 735 ILCS 5/10-135 (West 2000).
Section 10-135 thus explicitly sets forth the purposes for which a trial
court may enter an order of habeas corpus ad testificandum to bring an
inmate before the court--that is, (1) to testify, (2) to be surrendered in
discharge of bail, (3) to attend the inmate's own criminal proceedings, and
(4) to testify in out-of-state criminal proceedings.
 We agree with the Department that the trial court's August 10,
2001, order, which directed that the Department house defendant at the jail
from August 11, 2001, until August 14, 2001, for an evaluation by Killian
and a "future hearing," did not fall within any of the statutorily
enumerated purposes for entering an order of habeas corpus ad
testificandum.
 The habeas corpus ad testificandum statute clearly does not
allow a trial court to order the Department to house an inmate at a county
jail so that he may be examined locally by a psychiatrist. See Lego, 212
Ill. App. 3d at 8, 570 N.E.2d at 404 (holding that the habeas corpus ad
testificandum statute did not allow for the trial court's order that an
inmate be transferred for the convenience of his attorney, psychiatrist,
and investigator). In so concluding, we reject defendant's argument that
the trial court's order was proper under the habeas corpus ad testificandum
statute because defendant was effectively "testifying" when he spoke to
Killian during his psychiatric evaluation. One of the purposes of the
habeas corpus ad testificandum statute is to provide a mechanism by which a
trial court can bring an inmate before the court to testify (735 ILCS 5/10-
135 (West 2000)). Contrary to defendant's claim, his discussions with
Killian at the jail simply cannot be construed as testimony given by
defendant before the trial court.
 The case on which defendant relies, People v. Bryant, 85 Ill.
App. 3d 836, 841, 407 N.E.2d 597, 601 (1980), is inapposite. In that case,
the appellate court construed the habeas corpus ad testificandum statute to
include transfer of an inmate for participation in a lineup. The
Department correctly points out that in the two decades since it was
decided, no court has cited Bryant for its interpretation of the habeas
corpus ad testificandum statute. Although we agree with the Department
that the reasonableness of the Bryant court's interpretation is
questionable, we need not address that issue because the trial court's
order in this case--that defendant be transferred to the jail to be
examined locally by a psychiatrist--went far beyond the trial court's order
in Bryant.
 In addition, we conclude that the plain language of the habeas
corpus ad testificandum statute does not allow a trial court to order the
Department to produce an inmate at a county jail to be housed until an
unspecified "future" hearing. The statute was enacted to provide a
mechanism by which a trial court can bring an inmate before it to, among
other things, testify or attend a scheduled hearing in a criminal
proceeding (735 ILCS 5/10-135 (West 2000)). Given the quasi-criminal
nature of the proceedings under the Act (see Trainor, 196 Ill. 2d at 339,
752 N.E.2d at 1067 (recognizing that proceedings under the Act are civil-
criminal hybrids)), the trial court certainly could have ordered that
defendant be brought before it to attend a scheduled recovery hearing.
However, no such hearing had been scheduled.
 Further, we note that even if defendant's recovery application
had been set for a hearing, the court's order of habeas corpus ad
testificandum could only direct that the Department produce defendant at
that hearing. It could not interfere with the Department's custody of
defendant. See Ehlers, 301 Ill. App. 3d at 190, 703 N.E.2d at 542 (holding
that a court may not enter an order of habeas corpus ad testificandum
directing that an inmate be housed in a local facility, even for a limited
time before he testifies; such an order deprives the Department of its
custody of the inmate); see also People ex rel. Lucey v. Kersten, 269 Ill.
597, 601, 109 N.E. 1012, 1014 (1915) ("The issuance of a writ of habeas
corpus ad testificandum does not have the effect of taking the prisoner out
of the custody of the officer in whose charge he is, and in this case it
was the duty of the warden, in producing [the inmate] in answer to the
writ, to retain custody of him and to return him to the penitentiary
immediately upon the conclusion of his testimony").
 Because the trial court's August 10, 2001, order of habeas
corpus ad testificandum, which directed the Department to produce defendant
at the jail from August 11, 2001, until August 14, 2001, for an independent
psychiatric evaluation and a "future hearing," was erroneous under the
habeas corpus ad testificandum statute (735 ILCS 5/10-135 (West 2000)), we
reverse that order. Despite so holding, we concede that we appreciate the
concerns which motivated the trial court's decision. However, both this
court and the trial court are limited to interpreting statutes as written,
and "[w]e are powerless to annex to a statute a provision or condition
which the General Assembly did not see fit to impose." People v. Garner,
147 Ill. 2d 467, 476, 590 N.E.2d 470, 474 (1992). See Judith Jones Dietsch
Trust, 321 Ill. App. 3d at 245, 746 N.E.2d at 1277 (a court must not
rewrite a statute to make it consistent with the court's idea of
orderliness and public policy).
 III. CONCLUSION
 For the reasons stated, we reverse the trial court's judgment.
 Reversed.
 KNECHT and TURNER, JJ., concur.